Thomas S. Waldo (AK Bar # 9007047)
Holly A. Harris (AK Bar # 1105017)
Eric P. Jorgensen (AK Bar # 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801-1145
T: 907.586.2751
F: 907.463.5891
E: twaldo@earthjustice.org
E: hharris@earthjustice.org
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs Southeast Alaska Conservation Council, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>BIG THORNE PROJECT AND<br>2008 TONGASS FOREST PLAN | Consolidated Nos. 1:14-cv-00013-RRB,<br>1:14-cv-00014-RRB, 1:14-cv-00015-RRB |

**PLAINTIFFS' RULE 62(c) MOTION FOR INJUNCTION PENDING APPEAL**

Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, Plaintiffs in the consolidated cases *Southeast Alaska Conservation Council v. U.S. Forest Service*, No. 1:14-cv-00013-RRB and *Southeast Alaska Conservation Council v. U.S. Forest Service*, No. 1:14-cv-00014-RRB (collectively, the Conservation Groups) move for an injunction pending appeal.[1] Viking Lumber Company (Viking) will begin logging old growth trees from the Big Thorne sale at a rate of up to 4.5 million board feet (mmbf) per month beginning April 1, 2015. An injunction pending appeal is necessary to maintain the status quo and to preserve the possibility for the Conservation Groups to obtain effective and complete relief. The Conservation Groups request that the U.S. Forest Service (the Forest Service) be precluded from allowing any old growth logging or new road construction from the Big Thorne timber sale and the associated road construction (Big Thorne), as specified in the proposed order.

In the alternative, if the Court declines to issue an injunction pending final decision on the appeal, the Conservation Groups request an order providing that no old growth logging or new road construction from Big Thorne may proceed until the Ninth Circuit Court of Appeals has the opportunity to decide an injunction pending appeal. A temporary injunction until April 30, 2015, would allow time for the Conservation Groups to seek an injunction from the Court of Appeals under Fed. R. App. P. 8(a), and would minimize harm to the Conservation Groups while seeking that relief but would also minimize any delay for Defendants.[2]

ARGUMENT

The standard for issuance of an injunction pending appeal is the same as the standard for issuance of a preliminary injunction. *See Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006), *abrogated on other grounds by Winter v. Natural Res. Def. Council*, 555. U.S. 7 (2008). Generally, a party seeking an injunction must demonstrate the existence of four factors: (1) that it is likely to succeed on the merits, (2) that it

---

[1] Despite the fact the Court issued separate orders and entered separate judgments in the two cases, the Conservations Groups have filed this motion jointly in the principal case *In re: Big Thorne and the 2008 Tongass Forest Plan*, No. 1:14-cv-00013-RRB pursuant to the Court's order on consolidation. *See* Docs. 83-84.

[2] Counsel for the Conservation Groups conferred with counsel for Defendants and Intervenor-Defendants regarding this motion on March 25, 2015. Both oppose the request for an injunction pending appeal, but Defendants do not oppose having the motion heard on the proposed expedited basis.

is likely to suffer irreparable harm absent the issuance of an injunction, (3) that the balance of equities tips in its favor, and (4) that issuance of an injunction is in the public interest. *Winter*, 555. U.S. at 20. The Ninth Circuit also recognizes that an injunction may still be warranted without a demonstrated likelihood of succeeding on the merits where the moving party raises "serious questions going to the merits" and demonstrates that the "balance of hardships tips sharply" in its favor as long as it also demonstrates "a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (concluding the "serious questions" test survived *Winter* ); *see also Conservation Cong. v. U.S. Forest Serv*., 803 F. Supp. 2d 1126, 1129 (E.D. Cal. 2011) (explaining the "sliding scale" approach "applies to requests for Rule 62(c) injunctions pending appeal").

Notably, even when a district court denies a request for preliminary or permanent injunction, the same court may enter an injunction pending appeal or otherwise stay its decision given the importance of preserving the status quo when the plaintiffs have raised serious legal questions and will suffer irreparable harm without injunctive relief while the matter is pending on appeal. *See Conservation Cong.*, 803 F. Supp. 2d at 1134 (denying an injunction pending appeal in a case challenging a timber sale, but "because of the potential for irreparable harm," granting plaintiff a limited injunction of 10 days to seek a stay from the Ninth Circuit); *W. Land Exch. Project v. Dombeck*, 47 F. Supp. 2d 1216 (D. Or. 1999) (denying injunction pending appeal, but ordering 60-day delay in land exchange to permit groups to move appellate court for an injunction pending appeal). In *Schrader v. Idaho Department of Health and Welfare,* for example, the district court ruled against the plaintiff on the merits, but stayed the dissolution of its preliminary injunction pending appeal. 590 F. Supp. 554, 560 (D. Idaho 1984). The Ninth Circuit reversed on the merits, in favor of the plaintiff. 768 F.2d 1107 (9th Cir. 1985). Without the injunction pending appeal, the plaintiff would have been deprived of the relief to which she was entitled. Similarly, in *Wyoming Farm Bureau Federation v. Babbitt*, the district court concluded that a program that had reintroduced wolves into the Yellowstone ecosystem violated the law, and it ordered all the wolves and their offspring removed. 987 F. Supp. 1349, 1376 (D. Wyo. 1997). "Given the importance of the issues presented and the ramifications" of its order, however, the court sua sponte stayed its own decision pending appeal. *Id*. The Tenth Circuit reversed, upholding the wolf reintroduction program. 199 F.3d 1224 (10th Cir. 2000). Thus, if

not for the stay pending appeal, irreparable harm would have resulted when the wolves were removed from Yellowstone despite the fact the appellate court ultimately upheld the program.

Here, there is a similar need to avoid irreversible environmental harm while the appellate court decides the Conservation Groups' claims. As explained in the Conservation Groups' Motion for Preliminary Injunction,[3] Viking will begin logging old growth forest on April 1, 2015 at a rate of up to 4.5 mmbf per month. *See* Dahlstrom Decl., *Cascadia Wildlands v. Cole*, No. 1:14-cv-00015-RRB, Doc. 86-1 at 7, ¶19 (stating logging to take place at a rate of 144 thousand board feet per day). Some of that monthly volume will be logged using traditional methods, and some using helicopters. *Id*. At this rate, Viking could eliminate hundreds of acres of old growth habitat in a matter of weeks. Viking also intends to begin constructing roads into existing stands of old growth trees. *Id*. at 6, ¶18. The adverse impacts caused by these logging and road construction activities are irreparable because once those old growth stands are cut, it will take at least 150 years before they even begin to develop old growth characteristics again. *See* Ex. 1 (explaining the resulting young-growth stands "do not provide suitable winter habitat for species such as deer" and "have little value to many wildlife species once the canopy closes and understory herbs and shrubs are shaded out"); *id*. at 5 (acknowledging that "[d]eer abundance has been shown to be lower in these forage-poor habitats" and that the regeneration period "may last up to 150 years after harvest").

Members of the Conservation Organizations, who live in and around and use and enjoy the Big Thorne area, will be adversely affected by the clearcuts and logging roads. *See* Docs. 32-69 through 32-77. A retired Forest Service employee, for example, described his experience as follows:

> I am harmed by the Big Thorne decision because logging so much more old growth from Prince of Wales Island will . . . harm the . . . experiences I enjoy in the forest, including hiking, walking, fishing, photography, and providing a unique sense of solitude. I enjoy being in old growth forests; the opposite is true for clearcuts and second growth.

[3] Given the standards for an injunction pending appeal are similar to those for a preliminary injunction, Plaintiffs hereby incorporate by reference their Motion for Preliminary Injunction, Doc. No. 85.

Doc. 32-70 at 5, ¶15. Similarly, a small business owner explained "my personal enjoyment and livelihood depends on the unique natural qualities that are still present on the Prince of Wales Island, including the Big Thorne Project Area. If the Forest Service lets the project go forward, my interests in the area will be permanently harmed." Doc. 32-74 at 6, ¶13. Another person explained: "I have been all over [Prince of Wales] [I]sland hiking, hunting, fishing, camping and exploring. . . . The planned logging in the Big Thorne Project Area jeopardizes my and my family's use and enjoyment of this forest and the fish and wildlife it supports." Doc. 32-73 at 6-7, ¶17. In short, losing up to 4.5 mmbf of old growth each month to clear-cutting and new road building will harm these people irreparably.

By contrast, the requested injunction will not cause significant harm to Defendants. As an initial matter, the Conservation Groups are not seeking to enjoin all Big Thorne activities. The requested injunction would not apply to the following activities: (1) Stewardship Activities; (2) second-growth logging activities; or (3) road reconstruction and/or road maintenance activities. Instead, this injunction seeks to prevent the irretrievable loss of old growth habit due to Big Thorne old growth logging and new road construction and only until such time as the appellate court issues a decision on the merits of the cases. Notably, there is enough timber supply already available to the industry to maintain operations at recent normal levels all of this timber season. *See* Doc. 85 at 8-9. Should an injunction be granted, the Ninth Circuit—consistent with past practice—would likely expedite the appeal and resolve the case in advance of the 2016 logging season. Thus, any delay in getting to additional sources of old growth cannot outweigh the immediate, irreparable harm to the Conservation Groups if old growth logging and new road construction activities are allowed to proceed. *Cf. Se. Alaska Conservation Council*, 472 F.3d at 1100 (granting injunction pending appeal, explaining that when a project "may significantly degrade some human environmental factor, injunctive relief is appropriate") (internal quotation marks omitted).

Here, the Conservation Groups have raised serious questions going to the merits of their claims and Big Thorne old growth logging and new road construction will cause irreparable harm to the environment. As a result, the balance of harms tips sharply in favor of entering an injunction pending appeal. For those reasons, the Conservation Groups respectfully request that the Court grant the motion for injunction pending appeal and enjoin the Forest Service from

allowing any old growth logging or new road construction from Big Thorne until the Ninth Circuit reaches a final decision on the merits of the Conservation Groups' claims.

Alternatively, should the Court determine that a comprehensive injunction pending appeal is not warranted, the Conservation Groups request that the Court enjoin old growth logging and new road construction until April 30, 2015, allowing the Ninth Circuit time to decide a motion for injunction pending appeal. *See W. Land Exch. Project*, 47 F. Supp. 2d at 1218.

Respectfully submitted this 26th day of March, 2015.

*s/ Holly A. Harris*

Holly A. Harris (AK Bar # 1105017)
Thomas S. Waldo (AK Bar # 9007047)
Eric P. Jorgensen (AK Bar # 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801-1145
T: 907.500.7133
F: 907.463.5891
E: hharris@earthjustice.org

*Attorneys for Plaintiffs Southeast Alaska Conservation Council; Alaska Wilderness League; Sierra Club; and National Audubon Society in No. 1:14-cv-00013-RRB and Plaintiffs Southeast Alaska Conservation Council; Sierra Club; Natural Resources Defense Council; and Alaska Wilderness League in No. 1:14-cv-00014-RRB*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2015, a copy of foregoing PLAINTIFFS' RULE 62(c) mOTION FOR INJUNCTION PENDING APPEAL, with attachments, was served electronically on David B. Glazer, Thomas E. Lenhart, Howard S. Trickey, Julie A. Weis, Steven W. Silver, James F. Clark, Richard W. Goeken, Gabriel W. Scott, Ralph O. Bloemers, and Christopher G. Winter.

*s/ Holly A. Harris*
Holly A. Harris