Thomas S. Waldo (AK Bar # 9007047)
Holly A. Harris (AK Bar # 1105017)
Eric P. Jorgensen (AK Bar # 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801-1145
T: 907.586.2751
F: 907.463.5891
E: twaldo@earthjustice.org
E: hharris@earthjustice.org
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs Southeast Alaska Conservation Council, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>BIG THORNE PROJECT AND<br>2008 TONGASS FOREST PLAN | Consolidated Nos. 1:14-cv-00013-RRB,<br>1:14-cv-00014-RRB, 1:14-cv-00015-RRB |

**MOTION FOR EXPEDITED BRIEFING SCHEDULE AND CONSIDERATION**

Pursuant to Local Rule 7.2(c), Plaintiffs in *Southeast Alaska Conservation Council v. Forest Service*, 1:14-cv-00013-RRB (*SEACC I*) and *Southeast Alaska Conservation Council v. Forest Service*, 1:14-cv-00014-RRB (*SEACC II*) move this Court for an order establishing a briefing schedule allowing for a decision on Plaintiffs' Motion for Injunction Pending Appeal, filed today, by Wednesday, April 1, 2015. This motion is necessary to prevent irreparable harm from old growth logging and new road construction associated with the Big Thorne Project.

Plaintiffs and Federal Defendants agreed to a briefing schedule on the merits of these cases with the goal of allowing sufficient time for the Court to resolve the Plaintiffs' claims prior to the start of the Spring 2015 operating season with the intention to avoid briefing a motion for preliminary injunction. Stip., Doc. 18 at 2.[1] On February 27, 2015, however, counsel for Federal Defendants notified counsel for Plaintiffs that Viking Lumber Company (Viking) plans to commence ground-disturbing activities in the Big Thorne Project area on April 1, 2015. *See* Status Report, Doc. 78 at 2; Status Report, *SEACC II*, Doc. 77 at 2.

On March 12, 2015, Intervenor-Defendants explained that Viking intends to begin old growth logging on April 1, 2015, at a rate of up to 4.5 million board feet per month. *See* Dahlstrom Decl., *Cascadia Wildlands*, No. 1:14-cv-00015-RRB, Doc. 86-1 at 7, ¶19. This was

[1] This motion cites to documents in *SEACC I* and *SEACC II* that were filed before the cases were consolidated under *In Re: Big Thorne Project and 2008 Tongass Forest Plan*, No. 1:14-cv-00013-RRB. Any document filed in *SEACC I* retains its original docket number. When citing to documents that were filed in *SEACC II* before the cases were consolidated, they are identified as *SEACC II* with the corresponding document number for that docket. This motion also cites to documents in *Cascadia Wildlands, et al. v. Cole, et al.*, No. 1:14-cv-00015-RRB (*Cascadia Wildlands*), which was consolidated with *SEACC I* and *SEACC II*. Although the captions on those documents reflect the consolidation, these documents were nonetheless filed in *Cascadia Wildlands* and, therefore, the Conservation Groups retain the docketing information from that case. All documents filed in *In Re: Big Thorne Project and 2008 Tongass Forest Plan* after the consolidation reflect the docketing information from the principal case.

the first time Plaintiffs learned of the specific details and timing of Viking's anticipated operations.

Here, an expedited schedule allowing for injunction pending appeal briefing and decision prior to April 1, 2015, is needed to ensure that complete relief can be granted to Plaintiffs. Plaintiffs, therefore, propose that any responses to the motion for injunction pending appeal be filed no later than 5:00 p.m. (AKDT) on March 30, 2015. Plaintiffs will file a reply to any responses no later than 5:00 p.m. (AKDT) on March 31, 2015. This is a reasonable schedule, because the motion is short, does not repeat argument from the summary judgment or preliminary injunction briefing, and instead focuses only on the equities of an injunction that will last only until the Ninth Circuit, presumably on an expedited basis, is able to render its decision on the merits. The motion also relies only on facts already established in previous briefing or updated documents obtained from Defendants or Intervenor-Defendants themselves.

Counsel for Plaintiffs contacted counsel for Federal Defendants and understand they oppose the request for an injunction pending appeal, but do not oppose the request to have the motion heard on an expedited basis. *See* Decl. of Counsel in Supp. of Pls.' Mot. for Expedited Briefing Schedule and Consideration, ¶¶ 6-7. Counsel for Plaintiffs also contacted counsel for Intervenor-Defendants and understand they oppose both motions. *Id.*, ¶ 8.

Respectfully submitted this 26th day of March, 2015.

*s/ Holly A. Harris*

Holly A. Harris (AK Bar # 1105017)
Thomas S. Waldo (AK Bar # 9007047)
Eric P. Jorgensen (AK Bar # 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801-1145
T: 907.500.7133
F: 907.463.5891
E: hharris@earthjustice.org

*Attorneys for Plaintiffs Southeast Alaska Conservation Council; Alaska Wilderness League; Sierra Club; and National Audubon Society in No. 1:14-cv-00013-RRB and Plaintiffs Southeast Alaska Conservation Council; Sierra Club; Natural Resources Defense Council; and Alaska Wilderness League in No. 1:14-cv-00014-RRB*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2015, a copy of foregoing MOTION FOR EXPEDITED BRIEFING SCHEDULE AND CONSIDERATION, with attachment, was served electronically on David B. Glazer, Thomas E. Lenhart, Howard S. Trickey, Julie A. Weis, Steven W. Silver, James F. Clark, Richard W. Goeken, Gabriel W. Scott, Ralph O. Bloemers, and Christopher G. Winter.

*s/ Holly A. Harris*
Holly A. Harris