**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| IN RE BIG THORNE PROJECT AND 2008 TONGASS FOREST PLAN | Case No. 1:14-cv-13 RRB (Consolidated with 1:14-cv-00014-RRB and 1:14-cv-00015-RRB)<br><br>**ORDER REGARDING PLAINTIFFS' MOTIONS FOR INJUNCTION PENDING APPEAL** |

Before the Court, at Docket 94 and 100, are Plaintiffs with Motions for an Injunction Pending Appeal under Rule 62(c) and Rule 8(a). These motions are opposed by Defendants at Docket 107 and Defendant-Intervenors at Docket 106. Although Plaintiffs' replies have yet to be filed, the Court concludes that, given the time constraints involved and the fact that the requests for injunctive relief were filed only days before development is scheduled to begin, a ruling is required before Plaintiffs' reply is filed.

The appeal at issue concerns this Court's ruling, issued on March 20, 2015, that the Forest Service's 2008 Forest Plan and Big Thorne timber sale were consistent with the statutory requirements and could therefore proceed on April 1, 2015. Plaintiffs now seek to enjoin any old-growth logging or road reconstruction as part of the Big Thorne project until April 30, 2015, to allow time for appellate review.

A motion for injunction pending appeal requires that a plaintiff show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). This circuit has also adopted a sliding scale approach to evaluating these factors, where a stronger showing of one element may offset a weaker showing of another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus even where there is not a likelihood of success, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*

The issue before the Court when it issued the March 20, 2015, order was not whether old growth timber development can or should be permitted in the Tongass National Forest or whether the Forest Service should abandon timber activities in the area. The manner of **how** the Forest Service must manage and conserve the Tongass National Forest has already been addressed by Congress when it enacted the National Forest Management Act, the Multiple-Use Sustained Yield Act of 1960, and the Tongass Timber Reform Act. If Plaintiffs' goal is the permanent prohibition of any old growth timber harvest, they must pursue a solution through legislation rather than litigation. Changes to the existing law and regulations (i.e. to adjust the focus of industries in the region, more heavily promote certain statutory objectives, or further protect specific locations) would require "a policy judgment of a legislative nature" which is improper for this Court, or any court for that matter, to make. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 785 (9th Cir. 2005).

The issue **properly** before this Court was whether or not the Forest Service adequately considered the various statutory requirements before approving the Big Thorne project and the 2008 Forest Plan.

Plaintiffs' challenge to the Forest Service's actions are primarily in the context of impacts to deer and wolf populations in the project area. This Court has already found that the Forest Service, with its obvious expertise in the matter, did, in fact, adequately consider the impact on deer and wolf populations—along with all other appropriate factors—before approving the project and forest plan in question. Therefore, if the focus on appeal remains on the legal issue properly before the Court, the likelihood of Plaintiffs' success on the merits is low. Moreover, the Court cannot conclude, based on the evidence before it, that the hardship balance "tips sharply" in favor of Plaintiffs. On the contrary, the project's anticipated restoration work under the careful eye of the Forest Service, combined with the obvious economic benefits that will flow, suggest the balance of equities tips solidly in favor of Defendants.

Nevertheless, while the Court recognizes the hardship that even a slight delay may cause, given the "sliding scale" approach in this circuit, the time constraints, and in an abundance of caution, the Court will grant a fourteen day delay to allow Plaintiffs to pursue their appeal. Because of the brevity of the delay, the Court will not require a bond. Absent intervention by the Circuit Court, Defendants may proceed on April 16, 2015, with the timber project as approved by the Forest Service.

Therefore, Plaintiffs' Motions for Injunction Pending Appeal are hereby GRANTED, in part, and DENIED, in part. The Injunction requested shall remain in effect until April 15, 2015, and shall be dissolved thereafter.

**IT IS SO ORDERED** this 31st day of March, 2015.

S/ RALPH R. BEISTLINE

U.S. DISTRICT COURT JUDGE